## HENRY L. DOUGLASS vs. CHARLES H. SKINNER.

The plaintiff sold groceries from time to time to *M.* The defendant, a relative of *M,* was during this time allowed by him to receive his earnings and apply them to the support of *M's* family and the payment of his debts, and promised the plaintiff to pay his account with others as he collected such earnings, and did from time to time make payments to the plaintiff on his account. When the plaintiff stopt delivering goods to *M* the balance due him was over $300, and there was in the defendant's hands, of *M's* earnings, $164. Held that the plaintiff could not recover this sum of the defendant as money received to his use.

The fund being held by the defendant for the support of *M's* family and the payment of his debts generally, the plaintiff was not entitled to the whole of it, and if to a portion, it could not be determined in an action at law to what portion.

ASSUMPSIT for money received to the plaintiff's use; brought to the Court of Common Pleas of Hartford County and tried to the court on the general issue, before *McManus, J.* Facts found and judgment rendered for the plaintiff, and motion in error by the defendant. The case is fully stated in the opinion.

*M. E. Merrill,* for the plaintiff in error.

*E. Goodman,* for the defendant in error.

PARDEE, J. The plaintiff sold groceries to one Moore from November, 1872, to May, 1874. At the latter date his indebtedness to the plaintiff exceeded $300. During this time Moore had permitted the defendant, who is his brother-in-law, to receive the greater part of his earnings and expend the same for the benefit of Moore and his family, Moore receiving the remainder. Both the defendant and Moore, from time to time, paid to the plaintiff a part of the money thus received by each of them. The defendant repeatedly informed the plaintiff that he was drawing Moore's earnings and expending them in paying his lawful debts for his family and his business, and promised to pay the plaintiff so soon as he should collect such earnings; and he caused the plaintiff to believe that he would apply such part of Moore's wages as should come into

his hands to the payment of the plaintiff and other creditors. When the plaintiff ceased to give credit to Moore the defendant had in his hands of Moore's earnings thus received $164.83.

The plaintiff brought this action of assumpsit, the declaration containing the common counts, to the Court of Common Pleas for Hartford County, which court rendered judgment that the plaintiff should recover the sum of $164.83 for money had and received for the use of the plaintiff. For the reversal of this judgment the defendant has filed his motion in error.

It is agreed that the defendant was not an original promisor; it is not claimed that he has ever undertaken to pay the debt from his own estate; but the plaintiff inferred from his acts and words that he would apply so much of the earnings as he should be allowed to receive, towards the support of Moore's family and the payment of all his debts. This constitutes no such pledge to the plaintiff as places him before all other creditors; no particular money was dedicated to his claim; there remained to the defendant full power to pay any other debt or debts; he is not confined even to debts due at the time he received the earnings or at the time of bringing this suit, for the continued support of the family was as much in his view as payment of past debts; he, to the plaintiff's knowledge, held the earnings upon the special trust imposed by Moore, that they should be managed for the benefit of the latter and his family according to the defendant's discretion, and what the latter said to the plaintiff is to be interpreted in the light of knowledge common to both. As the plaintiff was informed before he gave credit that other and future creditors without restriction as to time or amount would have an equal claim with himself upon the fund, as he cannot control the defendant in the exercise of his discretion as to the best manner of meeting the necessities of Moore's family, as the record is silent as to the existence or non-existence of other creditors, it is manifest that he has not laid any foundation for the support of this action at law. He fails to make it certain that he is entitled to the whole, and fails equally to furnish any rule for a division of the fund; and he must continue to fail thus, for each new credit given to Moore introduces a

new factor into the calculation.   Upon this record, as a matter of law, the bare-fact that in May, 1874, the defendant had in his hands, of Moore's earnings, $164.83, furnishes no basis for a judgment in this action that he held it for the use of the plaintiff.

There is error in the judgment complained of.

In this opinion the other judges concurred.